UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREA CACERES SHOKRANI,

    Plaintiff,

v.                                     Case No.:  8:21-cv-12-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on the Unopposed Motion for Entry of Judgment with Remand. (Doc. 35). The parties consented to proceed before a Magistrate Judge for all proceedings. (Doc. 15). The Commissioner of Social Security seeks remand for the following reasons:

> On remand, the agency will (1) evaluate fibromyalgia in accordance with SSR 12-2p; (2) consider Plaintiff's severe and non-severe impairments in assessing the residual functional capacity, (3) evaluate the medical opinions and prior administrative medical findings of record in accordance with 20 C.F.R. § 404.1520c, (4) evaluate Plaintiff's subjective complaints, including her allegations of limitations in her cervical spine and disabling fibromyalgia symptoms; (5) if warranted, re-evaluate Plaintiff's residual functional capacity; (6) If warranted, the ALJ will consult a vocational expert to determine the effects of Plaintiff's limitations on the occupational base. The ALJ will take any action necessary to complete the administrative record and issue a new decision.

(Doc. 35, p. 1). Plaintiff does not object to the relief requested. Thus, the Court will grant the motion.

Also pending is a Motion for Remand Under Sentence Six (Doc. 32). Based upon the agreed remand, the Court will moot this motion.

Accordingly, it is **ORDERED**:

(1) The Unopposed Motion for Entry of Judgment with Remand (Doc. 35) is **GRANTED.**

(2) The Opposed Motion for Remand Under Sentence Six (Doc. 32) is **MOOT**.

(3) Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the Commissioner to:

> (1) evaluate fibromyalgia in accordance with SSR 12-2p; (2) consider Plaintiff's severe and non-severe impairments in assessing the residual functional capacity, (3) evaluate the medical opinions and prior administrative medical findings of record in accordance with 20 C.F.R. § 404.1520c, (4) evaluate Plaintiff's subjective complaints, including her allegations of limitations in her cervical spine and disabling fibromyalgia symptoms; (5) if warranted, re-evaluate Plaintiff's residual functional capacity; (6) If warranted, the ALJ will consult a vocational expert to determine the effects of Plaintiff's limitations on the occupational base. The ALJ will take any action necessary to complete the administrative record and issue a new decision.

(2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on April 20, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties